IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY EUGENE BLACK, #B86195, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SOURCE INC., ROB JEFFREYS, ANGELA CRAIN, DR. SIDDIQUI, and ANTHONY WILLS, <br><br> Defendants. | Case No. 20-cv-00678-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rodney Eugene Black, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He claims that he has been provided inadequate medical treatment for his back condition, and he seeks monetary damages.

On September 28, 2020, Black filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. (Doc. 13). Before addressing the request for injunctive relief, the Court must first review the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this

juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Black alleges the following:   He suffers from a degenerative disk, a slipped disk, a bulging disk, and a narrowing disk in his neck. (Doc. 1, p. 10). Upon arrival at Menard on April 30, 2019, he informed several nurses, Dr. Siddiqui, and Angela Crain, the health care supervisory, of his chronic back problems. (Doc. 1, p. 10). He told them that his medical records from Saline County Detention Center should have been transferred with him and that he also has medical records at Jesse Brown VA Medical Center in Chicago. On August 14, 2019, after falling down the stairs, he was issued a low bunk and low gallery permit. He has written sick call slips requesting pain medication, MRIs, and back surgery that "have mostly fallen on deaf ears." (*Id.*). Black also has written several grievances that have mysteriously disappeared. His back pain is severe and sometimes unbearable. (*Id.* at p. 11). The pain keeps him awake at night and makes sitting for long periods of time and walking difficult. He was told by two nurses, as recently as 2020, that Menard was still waiting for medical records from his MRI taken in 2013 or 2014 to arrive from Jesse Brown VA Medical Center, but then he was told from another nurse that Menard has had his records since September 2019. (*Id.*).

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Count:

> **Count 1:** Eighth Amendment claim against Wexford Health Source, Inc., Jeffreys, Dr. Siddiqui, Crain, and Wills for deliberate indifference to Black's serious medical needs relating to his back condition and associated pain.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST. amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates deliberate indifference to the serious medical needs of an inmate. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). In this circuit, deliberate indifference "is merely a synonym for intentional or criminally reckless conduct[.]" *Salazar v. Chicago*, 940 F.2d 233, 238 (7th Cir. 1991).

To prevail on a claim of deliberate indifference to a serious medical need, a plaintiff must first show that his condition was "objectively, sufficiently serious" and that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (citations and quotation marks omitted). Finally, when it comes to medical care, an inmate is not entitled to demand specific care, nor is he to the

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

best possible care. *Haley v. Feinerman,* 168 F. App'x 113, 117 (2006) (citing *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997)). Rather, an inmate is entitled to reasonable measures to meet a substantial risk of serious harm. *Id.*

Count 1 will proceed against Dr. Siddiqui and Wexford Health Sources, Inc. ("Wexford"). Because Black claims he has been seen by medical professionals for issues with his back since as earlier as 2013 and is in chronic pain, the Court presumes at this point that he suffers from a serious medical condition. *See Thompson v. Godinez,* 561 F. App'x 515, 518 (7th Cir. 2014).

As to Dr. Siddiqui, Black states that Dr. Siddiqui examined him several times, reviewed his past medical records, and had x-rays taken. Regardless of the treatment provided, Black claims he is still experiencing severe pain and that Dr. Siddiqui has not ensured that he receives surgery. He further alleges that Dr. Siddiqui is aware that his back problems are worsening but responds with "inadequate spotty care." (Doc. 1, pp. 11, 56). Because "[a] prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition[,]" *Arnett v. Webster,* 658 F.3d 742, 754 (7th Cir. 2011), the Court is unable to determine at this juncture whether Dr. Siddiqui's actions possibly constituted deliberate indifference. Discovery may reveal that Dr. Siddiqui had a valid reason for not recommending or scheduling surgery, but the Court cannot rule out the possibility of deliberate indifference at this time. Thus, Count 1 will proceed against Dr. Siddiqui.

Count 1 will also proceed against Wexford. As a corporation, Wexford can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged

violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.,* 368 F.3d 917, 927 (7th Cir. 2004). Black claims that because of the collegial review process implemented by Wexford, his health care has been delayed and denied. Black has been told by doctors and nurse practitioners that if an inmate requires a medical procedure, it must "go through" collegial review and "more likely than not it will be disallowed by this process." (Doc. 1, p. 56). He states that because of this process his health care has been delayed and denied. These allegations are sufficient to survive screening.

Black has failed, however, to assert facts to support the claim that Jeffreys, Crain, and Wills acted with deliberate indifference. He states that Angela Crain, the health care supervisory, and Anthony Wills, the warden of Menard, concluded that his back and back pain was under control based on his medical records, nurse call slips, x-rays, and past MRIs. (Doc. 1, p. 56). Likewise, Director Jeffreys concurred in the decision made by Wills and Crain after a review of the medical record. These allegations demonstrate that neither Crain, Wills, nor Jeffreys had the necessary state of mind for a deliberate indifference claim. They received Black's complaints and reviewed his medical records, presumably to ensure that he was receiving medical care for the complained of condition, before arriving at a decision. *See Johnson v. Doughty,* 433 F. 3d 1001, 1010-12 (7th Cir. 2006). This response by Defendants is reasonable and does not amount to the criminal recklessness required for an Eighth Amendment violation. Accordingly, Count 1 will be dismissed as to Crain, Jeffreys, and Wills.

**MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

As previously noted, Black is seeking a Temporary Restraining Order ("TRO")

and/or Preliminary Injunction. (Doc. 13). The same legal analysis is used to determine whether a TRO or a preliminary injunction is warranted. A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

In the Motion, Black claims that he has a medical need for surgery and is in great pain. He alleges that Defendants refuse to give him an MRI or let him see a back specialist for surgery. They also refuse to give him anything for the pain. Black states that these claims are supported by the exhibits attached to the Complaint. He requests the Court to issue an injunction ordering Defendants to send him to a back specialist and be provide him with adequate care.

The Court denies the motion at this time, as Black has failed to demonstrate any factors for obtaining a TRO or preliminary injunction. First, Black has not demonstrated a likelihood of success on the merits of his surviving claims against Dr. Siddiqui and Wexford. Based on the allegations, Dr. Siddiqui does not appear to have responded to Black's back issues with deliberated indifference. Dr. Siddiqui reviewed all of Black's

medical records, examined him personally several times, and x-rays were ordered. Other than stating that Dr. Siddiqui has not ensured he received surgery, "the best alternative" treatment for his pain, Black has not put forth any evidence suggesting that this decision was the result of deliberate indifference. To the contrary, the exhibits to his Complaint provide that he has "not been referred to an offsite specialist at the discretion of his medical providers[.]" (Doc. 1, p. 13). Black states that surgery is medically necessary, but again, there is nothing in the record to support this claim and seems to be a self-assessment. Therefore, Black has not demonstrated a likelihood of success on the merits of his claim against Dr. Siddiqui.

Likewise, there is nothing in the Complaint or record to suggest that Black was denied necessary medical care due to a Wexford policy. It is not clear from the alleged facts in the Complaint or attached exhibits that he was in fact referred to collegial review for the approval of a medical procedure and then the request was denied. It has also not been alleged or demonstrated that he was not referred to collegial review by a health care provider at Menard because the collegial review process "more likely than not" would disallow the requested procedure anyways. Without more than Black's claim that the collegial review process resulted in him being delayed and denied health care, he has failed to allege facts suggesting that Wexford's policy was the moving force behind his inadequate care, and thus, has not demonstrated a likelihood of success on the merits of his claim against Wexford. *See Thomas v. Cook Cty. Sheriff's Dep't,* 604 F. 3d 293, 306.

Black also has failed to argue why his traditional legal remedies are inadequate or that he "will likely suffer irreparable harm absent obtaining preliminary injunctive

relief." *Orr v. Shicker,* 953 F. 3d 490, 502(7th Cir. 2020) (citing *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.,* 858 F.3d 1034, 1044 (7th Cir. 2017)). Based on the exhibits referenced by Black filed with the Complaint, he has been seen by medical providers for complaints regarding his back over fifteen times since June 22, 2019. (*See* Doc. 1, pp. 13, 22). He has been prescribed physical therapy and x-rays have been taken. (Doc. 1, pp. 13, 22; Doc. 9, p. 1). In April 13, 2020, he was prescribed Meloxicam, a nonsteroidal anti-inflammatory drug, for six months and Robaxin, a muscle relaxer, for three months. (*Id.* at p. 13). Although he has not been approved for surgery or to see a specialist, it does not appear that he is being denied medical treatment while this action is pending, and the Court will not issue a preliminary injunction "based only on a possibility of irreparable harm[.]" *Id.* (citing *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008)). Accordingly, Black has not made the clear showing necessary to warrant an emergency injunction, and the Motion is denied.

## DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **Count 1** will proceed against Dr. Siddiqui and Wexford Health Source Inc., but is **DISMISSED** as to Jeffreys, Crain, and Wills. Because there are no further claims against Jeffreys, Crain, and Wills, they are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to terminate them as parties in the Case Management/Electronic Case Filing ("CM/ECF") system.

The Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 13) is **DENIED** without prejudice.

The Clerk of Court shall prepare for Dr. Siddiqui and Wexford: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Black. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Black, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Black, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C.

§ 1915(f)(2)(A).

Finally, Black is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   September 30, 2020

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.