# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RODNEY EUGENE BLACK,**
**#B86195,**

        **Plaintiff,**

v.

**WEXFORD HEALTH SOURCE, INC.,** *et al.*,

        **Defendants.**

**Case No. 20-cv-00678-SPM**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to reconsider (Doc. 19) and three motions for recruitment of counsel (Docs. 20, 30, 32) filed by *pro se* Plaintiff Rodney Black. For the following reasons the motion to reconsider is granted in part and the motions for recruitment of counsel are denied.

### MOTION TO RECONSIDER

Black has filed a motion asking the Court to reconsider the Merit Review Order (Doc. 14), in which the Court dismissed Defendants Jeffreys, Crain, and Wills without prejudice for failure to state a claim and denied his request for a preliminary injunction. He argues that the denial of his grievances by these Defendants was enough to establish their involvement for the purpose of imposing liability. (*Id.* at p. 2-3) (citing *Verser v. Elyea,* 113 F. Supp. 2d 1211 (N.D. Ill. July 27, 2000)). He also states that he is still not receiving treatment for his chronic pain, and his condition will continue to worsen without Court interference.

Under Rule 54(b), the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of

all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., In*c., 90 F.3d 1264, 1270 (7th Cir. 1996). *See also Ahmed v. Ashcrof*t, 388 F. 3d 247, 249 (7th Cir. 2004).

The Court has not made an error of law or fact warranting reconsideration of the dismissal of the Grievance Officials. While an official may be subject to liability if he or she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it," *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996)), the denial or mishandling of a grievance—standing alone—is not enough to violate the United States Constitution. *See, e.g., Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Additionally, grievance officials, as non-medical defendants, are entitled to reasonably rely on the expertise of medical professionals. *See Thornton v. Godin*ez, 720 F. App'x 762, 764 (7th Cir. 2017). *See also Figgs v. Dawson*, 829 F.3d 895, 903-04 (7th Cir. 2016); *Johnson v. Doughty,* 433 F.3d 1001, 1011 (7th Cir. 2006); *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005); *Giles v. Godinez*, 914 F.3d 1040, 1049-50 (7th Cir. 2019).

Here, Black alleges:

Defendant Rob Jeffreys Director read all three of my Grievances about my back and concurred with the Grievance Ofc. Warden Anthony Wills and Angela Crain from all my medical records and nurse sick call slips, x-rays and MRI's from Jesse

Brown VA, they concluded that my back and back pain was under control.

(Doc. 1, p. 56). This claim does not raise a plausible inference that the Defendants acted with deliberately indifference to his chronic back pain. To the contrary, according to Black, Defendants received his grievances filed in February, March, and April 2020, investigated his claims, and then deferred to medical staff. Although Black disagrees with their conclusion, he has not asserted that they disregarded his complaints and were personally involved in violating his constitutional rights.

Furthermore, to assert that Defendants are liable because they are responsible, "in charge," or "oversee the system" are also not sufficient allegations to state a claim. Under Section 1983, a defendant cannot be liable for the conduct of subordinates solely because he or she is in a supervisory or administrative role. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Accordingly, the Court will not reconsider the dismissal of Defendants Jeffreys, Wills, and Crain. For the record, the Court accepts Black's clarification that he received a low bunk and low gallery permit before he fell down the stairs, not after, as stated by the Court in the Merit Review Order. (*See* Doc. 14, p. 2). The Court further clarifies that in the Merit Review Order, it relied on Black's responses to his grievances submitted as exhibits to the Complaint (Doc. 1, p. 13, 22), not sick call slips, in concluding that Black had been seen by medical providers more than fifteen times since June 22, 2019. (Doc. 14, p. 8).

The Court will reconsider the request for preliminary injunction. Black states that he has completed physical therapy and taken three months of muscle relaxers, and he is still in constant pain and not being given pain medication. (Doc. 19, p. 7). He claims it is difficult for him to sit, walk, and lie down, and his condition is worsening. Defendants are directed to file a written response to the motion for preliminary injunction (Doc. 13) and the new allegations made in the motion to reconsider (Doc. 19, p. 7-10) on or before July 15, 2021. A determination on whether a hearing on the motion is necessary will be made after reviewing the response. The Court will add

Anthony Wills, the Warden of Menard Correctional Center, as a defendant, in his official capacity only, for purpose of implementing any preliminary injunctive relief that may be ordered.

## MOTIONS FOR RECRUITMENT OF COUNSEL

Black has filed three motions for recruitment of counsel (Doc. 20, 30, 32), which are denied. [1] Black states that he has written several attorneys in an effort to obtain counsel and has filed declination letters from five different firms. (Doc. 21, 25, 31). Accordingly, he appears to have made reasonable efforts to retain counsel on his own before seeking the assistance of the Court. With respect to his ability to pursue this action *pro se,* Black indicates that he needs the assistance of counsel because his case is highly technical and involves complex medical issues and discovery. He further asserts that he previously had the help of a fellow inmate in initiating this action, but no longer has access to the law library or the assistance of other inmates due to COVID-19 restrictions. The Court finds that Black is capable of proceeding *pro se.* He has some high school education and can read, write, and effectively communicate with the Court. Despite limited access to the law library and interaction with other inmates, he continues to file coherent motions, which include citations to case law, and several exhibits. As this case is in the early stages, and discovery on the merits has not yet commenced, Black is competent to litigate this matter without representation at this time.

## MOTION FOR STATUS HEARING

In light of this Order, the request for a status hearing is denied as moot. (Doc. 35).

## DISPOSITION

For the reasons state above, the Motion for Reconsideration (Doc. 19) is **GRANTED in part** and **DENIED in part**. The Clerk of Court is **DIRECTED** to **ADD Anthony Wills**, the

---

[1] In evaluating the Motions for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

Warden of Menard Correctional Center, as a defendant in his official capacity only for the purpose of implementing any preliminary injunctive relief that may be ordered. The Clerk shall serve Anthony Wills with the Complaint (Doc. 1), the Merit Review Order (Doc. 14), the Motion for TRO/Preliminary Injunction (Doc. 13), the Motion for Reconsideration (Doc. 19), and this Order in the manner provided the Merit Review Order. (Doc. 14). Defendants are **DIRECTED** to file a response to the motion for preliminary injunction (Doc. 13) and the allegations in the motion for reconsideration (Doc. 19, p. 7-10) by **July 15, 2021.**

The Motions for Recruitment of Counsel are **DENIED.** (Doc. 20, 30, 32). The Motion for Status Hearing (Doc. 35) is **DENIED as moot.**

**IT IS SO ORDERED.**

**DATED:   July 1, 2021**

 _s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**