IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY EUGENE BLACK,** #B86195, <br><br> Plaintiff, <br><br> v. <br><br> **WEXFORD HEALTH SOURCES, INC., DR. SIDDIQUI, and ANTHONY WILLS,** <br><br> Defendants. | Case No. 20-cv-00678-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for preliminary injunction filed by Plaintiff Rodney Black. (Doc. 13).[1] Black, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard") commenced this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Following a review of the Complaint pursuant to 28 U.S.C. § 1915A, Black is proceeding with an Eighth Amendment claim against Wexford Health Sources, Inc. ("Wexford") and Dr. Siddiqui for deliberate indifference to his serious medical needs relating to his back condition and associated pain. (Doc. 14). The Court will also consider Defendants' motion to reconsider the merit review order included in Defendants' response in opposition to the motion for preliminary injunction. (Doc. 45, p. 13-17).

## MOTION FOR PRELIMINARY INJUNCTION

Black claims that he has chronic back problems including two degenerative disks, one

---

[1] The Court initially denied the motion for preliminary injunction, but then granted Black's motion to reconsider and directed Defendants to file a response to the motion. (*See* Doc. 14, 37).

slipped disk, and one narrow disk in his neck, resulting in chronic pain. (Doc. 13, 49). Because of his pain, performing everyday tasks are difficult for him. It is painful for him to walk, sit, and lay down. (Doc. 49). He argues that Defendants are not treating his back pain and have refused to conduct an MRI, order back surgery, send him to a specialist, and have refused to "give [him] anything for pain." (Doc. 13, p. 1). He asks the Court to issue an injunction ordering Defendants to send him to a back specialist and provide him adequate care.

In response, Defendants argue that Black has not shown a likelihood of success on the merits of his claim. (Doc. 45). The medical records indicate that he has consistently been treated by medical staff at Menard for his back pain, and there is no evidence that their course of treatment is a departure from accepted medical standards. Black has received multiple x-rays, pain medication, and physical therapy. They argue that he has not shown a constitutional violation but simply a dissatisfaction of care.

In order to obtain preliminary injunctive relief, Black must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

The motion is denied at this time. First, Black has not demonstrated a likelihood of success on the merits of his Eighth Amendment deliberate indifference claim against either Dr. Siddiqui or Wexford. Deliberate indifference requires a "showing as something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Rosario v. Brawn,* 670 F. 3d 816, 822 (7th Cir. 2012) (internal citations and quotations omitted). "It is not enough that the plaintiff simply believes the treatment was ineffective or disagrees with the doctor's chosen course of

treatment." *Thomas v. Martija,* 991 F. 3d 763, 772 (7th Cir. 2021). The treatment plan "must deviate so substantially from accepted professional judgment that no reasonable physician would reach the same judgment." *Id.*

Since his arrival at Menard on April 30, 2019, Black has consistently been treated by medical staff at Menard for his back pain.[2] From June through September of 2019, he was initially treated with ibuprofen and acetaminophen and given low bunk and low gallery permits. During this time, the medical records indicate the medical staff continued to assess his mobility and range of motion. (Doc. 45-1, p. 3, 15).

Although he was seen in the health care unit for other issues for the remainder of 2019, he was not seen by medical staff for complaints of back pain again until January 17, 2020. From January through September 2020, Tylenol and Meloxicam were prescribed, two sets of x-rays taken, and Black was referred for a physical therapy evaluation. It was determined that he would benefit from physical therapy, and in February 2020, physical therapy was prescribed two times a week for six weeks. (Doc. 45-1, p. 28). In April, after further complaints of pain, his Meloxicam prescription was increased from once a day to twice a day, and he was prescribed Robaxin, a medicine used to relieve discomfort caused by acute, painful muscle or bone conditions. At an appointment in June, the nurse practitioner noted Black had a steady gait and no obvious signs of mobility deficits. He was advised to continue with the Meloxicam and physical therapy.

According to the medical record, Black's physical therapy appointments in 2020 were intermittent and not twice a week as prescribed. He did receive, however, twelve physical therapy

---

[2] According to the medical records Black has been seen by medical staff for complaints of back pain on the following dates: June 22, 2019, June 25, 2019, July 17, 2019, August 13, 2019, August 20, 2019, September 13, 20219, January 17, 2020, January 22, 2020, February 12, 2020, March 24, 2020, April 13, 2020, May 20, 2020, June 15, 2020, June 18, 2020, September 17, 2020, January 21, 2021, February 1, 2021, March 12, 2021, March 17, 2021, March 22, 2021, and March 29, 2021. (Doc. 45-1, 45-2). On September 17, 2019, Black had a medical appointment for his pack pain but was not seen because he chose to go to commissary instead. (Doc. 45-1, p. 17). In addition to these medical appointments, Black has received care for other medical issues as well.

sessions from February through September 2020. During this time, it was noted more than once that Black had poor compliance or was not compliant at all in his exercises. (Doc. 45-1, p. 38, 40-42). Finally, on September 17, 2020, at the final physical therapy session, it was noted that Black gives "minimal efforts during session, also does not do exercises at all." (Doc. 45-1, p. 45). His physical therapy sessions were discontinued, and Black was advised to submit a request if the pain persists. After completing physical therapy, Black was not seen by medical staff for back issues the remainder of the year.

On January 21, 2021, he was seen by a nurse, who prescribed him ibuprofen and referred him for further evaluation by a doctor. Black was seen by Dr. Siddiqui on February 1, 2021, who continued the ibuprofen prescription and referred him for another physical therapy evaluation. (Doc. 45-2, p. 36). Updated x-rays were also ordered on March 17, 2021, and Black was prescribed Robaxin. The x-rays results state that Black has "low grade degenerative disc disease" and "mild osteoarthritis." (Doc. 45-2, p. 38). Again, it was determined that Black would benefit from further physical therapy twice per week for six weeks. (Doc. 45-2, p. 10). Black saw Dr. Siddiqui on March 29, 2021, who again noted no deformities of the spine. (Doc. 45-2, p. 11). Dr. Siddiqui, however, put in a request to collegial review for approval of an MRI of Black's thoracic spine based on "pain dorsal spine x-rays degenerative disease." (Doc. 45-2, p. 34). The request was denied, and an alternative treatment plain developed. Black was to continue physical therapy for eight to twelve weeks and along with a trial of long acting NSAID, Cymbalta, or Nortriptyline. (Doc. 45-2, p. 34-35). Since March 29, 2021, Black has had physical therapy sessions but has not been seen in the health care unit for back pain issues. However, he has been repeatedly treated for other medical issues. (*See* Doc. 45-2, p. 15, 17, 21, 26-29, 31-32).

Dr. Siddiqui is "entitled to deference in treatment decisions." *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008). Although Black would prefer surgery or different medication, nothing in

the medical records support a finding that the current course of treatment of trying additional medications, adjusting dosages, and further physical therapy deviates from acceptable professional standards in treating back pain. Accordingly, Black has not shown that Dr. Siddiqui has acted with deliberate indifference.

Black has also not demonstrated a likelihood of success on the meris of his claim that the denial of constitutionally adequate treatment for his pain was the result of Wexford's collegial review process. The Seventh Circuit has held that the Wexford's collegial review process is "not unconstitutional on its face." *Howell v. Wexford Health Sources, Inc.,* 987 F. 3d 647, 659 (7th Cir. 2021). While the collegial review process *may* delay needed treatment, there is no evidence in the record that Dr. Siddiqui failed to present Black's case regarding his back pain to collegial review sooner because he believed "more likely than not it will be disallowed by this process." (Doc. 1, p. 56).

Finally, the Court does not find that Black will suffer irreparable harm without the emergency relief requested. It is clear that Black is being seen and treated at Menard, and that medical staff have not refused to give him "anything for pain," as alleged in the preliminary injunction motion. (*See* Doc. 13, p. 1). According to the medical record, as of March 29, 2021, Black was to continue with physical therapy for eight to twelve weeks and a trial of additional medications. Although Black has said that physical therapy is not working, there is no evidence that since his last appointment, he has alerted medical staff at Menard and requested further treatment. A preliminary injunction is a drastic remedy, and the "Eighth Amendment does not give prisoners the right to demand specific medical treatment." *Christopher,* 2021 WL 2577132, at *3 (citing *Arnett v. Webster,* 658 F. 3d 742, 754 (7th Cir. 2011). Thus, the Court will not issue an injunction when Black has not first fully availed himself of remedies available at Menard.

For these reasons, the motion for preliminary injunction is denied.

#### MOTION TO RECONSIDER MERIT REVIEW ORDER

Defendants ask the Court to reconsider the merit review order allowing Black's claims to proceed based on the newly discovered evidence and factual misrepresentations obtained after being served with the Complaint. (Doc. 45).

When conducting a preliminary review of the Complaint pursuant to Section 1915(a), the Court uses the same standards for dismissal under Rule 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Evidence is not required or necessary at the pleading stage, and a preliminary review is not a determination of the merits of a plaintiff's claims. *See Beal v. Foster,* 803 F. 356, 359 (7th Cir. 2015). The Court will not reconsider the merit review order based on additional evidence outside of the Complaint. Accordingly, the motion is denied.

#### DISPOSITION

The motion for preliminary injunction (Doc. 13) filed by Plaintiff Black is **DENIED.** The motion for reconsideration (Doc. 45) filed by Defendants Dr. Siddiqui and Wexford is also **DENIED.**

**IT IS SO ORDERED.**

DATED:   September 13, 2021

                                           *s/Stephen P. McGlynn*
                                           **STEPHEN P. MCGLYNN**
                                           **United States District Judge**