IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY EUGENE BLACK,** #B86195, | |
| Plaintiff, | Case No. 20-cv-00678-SPM |
| v. | |
| **WEXFORD HEALTH SOURCES, INC.,** *et al.*, | |
| Defendants. | |

### MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Bill of Costs filed by Defendant Anthony Wills claiming $212.80 for Plaintiff's deposition transcript. (Doc. 83). Plaintiff Rodney Black has filed an objection in which he argues that he is indigent and asks the Court not to impose additional financial burdens on him. (Doc. 85). He states he receives only $13.00 per month from the state for hygiene items, and he is currently paying 40% of his income to the courts for other legal actions.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. There is a "strong presumption that the prevailing party will recover costs …" *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *accord Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022); *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The burden is on the non-prevailing party to overcome this presumption by making "an affirmative showing that taxed costs are not appropriate." *Lange*, 28 F.4th at 845 (citation omitted); *Rivera*, 469 F.3d at 636. "This presumption in favor of awarding

costs 'is difficult to overcome'; therefore, 'the court must award costs unless it states good reasons for denying them.'" *Lange,* 28 F.4th at 845 (quoting *Weeks,* 126 F.3d at 645). The decision of whether and to what extent the prevailing party may be awarded costs is committed to the district court's discretion. *Lange,* 28 F.4th at 846; *Weeks,* 126 F.3d at 945.

The losing party may be excused from paying the prevailing party's costs, however, if the losing party is indigent. *Rivera*, 469 F.3d at 634–35. Indigence, however, "does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera*, 469 F.3d at 635. In determining whether to hold an indigent party liable for costs, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The burden is on the indigent party "to provide the district court with sufficient documentation to support such a finding," in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635 (internal quotation marks and citation omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* "No one factor is determinative." *Id. See also Lange*, 28 F.4th at 846 ("A showing of good faith alone, however, is insufficient to shield a losing litigant from paying costs.") (citation omitted).

Plaintiff was granted leave to proceed *in forma pauperis* in this case, and as of July 2, 2020, at the time of filing, he had $10.00 in his prison trust fund account. (*See* Doc. 2, 5). He has not, however, included any documentation regarding his current income or expenses with his Objection to Taxation of Costs. According to this District's court records, his income appears to fluctuate. In the case *Black v. Lindsey,* No. 20-cv-00174-SMY (S.D. Ill. Feb. 14, 2020), Plaintiff had $111.89

in his trust fund account at the time of filing. But in 2021, Plaintiff initiated three civil cases in this District and paid the $402.00 filing fee in full in each case. *See Black v. Asselmeier,* No. 21-cv-01096-SMY (S.D. Ill. Sept. 3, 2021); *Black v. Jeffreys,* No. 21-cv-01118-DWD (S.D. Ill. Sept. 10, 2021); *Black v. Crain,* No. 21-cv-01650-NJR (S.D. Ill. Dec. 10, 2021). As of December 7, 2022, Plaintiff had $225.77 in his prison trust fund account. *See Black v. Stokes,* No. 23-cv-00190-NJR (S.D. Ill. Dec. 16, 2022).

As Plaintiff states, he receives some income from the state and court records demonstrate he has acquired additional funds since initiating this case in 2020. He has not provided any financial documented and has not met his burden of demonstrating that he cannot pay the bill of costs in this case now or at some point in the future. The Court therefore cannot rely on the indigency exception to deny Defendant's costs.

The Court **OVERRULES** Plaintiff's objection to costs and **ORDERS** an award of costs in the amount of $212.80 for Defendant Wills. *See* FED. R. CIV. P. 54(d)(1).

The motion for status is **DENIED as moot** in light of this Order. (Doc. 86). The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket sheet.

**IT IS SO ORDERED.**

**DATED:   November 16, 2023**

                                                  *s/Stephen P. McGlynn*
                                                  **STEPHEN P. MCGLYNN**
                                                  **United States District Judge**